IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
RESOLUTE PARTNERS, LLC                     :        3:12 CV 1291 (JBA)
:
:
v.                                         :
:
BASECOM CONSTRUCTION, INC.                 :        DATE: NOVEMBER 30, 2012
:
:
------------------------------------------------------x

INTERIM RULING REGARDING STANDSTILL ORDER

On September 6, 2010, plaintiff Resolute Partners, LLC ["plaintiff" or "Resolute"] commenced this action by Verified Complaint against defendant BaseCom Construction, Inc. ["defendant" or "BaseCom"][1] for breach of confidentiality, non-compete, and non-solicitation agreement (Count One), tortious interference with contract (Count Two), tortious interference with business expectancy (Count Three), breach of the memorandum of understanding ["MOU"](Count Four); declaratory judgment regarding the MOU (Count Five); declaratory judgment and injunctive relief regarding the bill of sale and the MOU (Count Six); and violation of Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110b et. seq. ["CUTPA"](Count Seven).  (Dkt. #1; See Dkt. #23).  Plaintiff also filed an Ex Parte Motion for Temporary Restraining Order ["TRO"], seeking to prevent BaseCom from accessing relevant sites in order to perform duties as a subcontractor of Resolute, or in the alternative, preventing BaseCom from terminating, diminishing or modifying service to Resolute's customers, and removing, altering, or changing certain equipment to which BaseCom has title but of which Resolute is the equitable owner.  (Dkt. #2; Dkt. #33, at 5, 7).  A Motion

---

[1] On September 27, 2012, the case caption was corrected to properly name as defendant BaseCom Construction, Inc. (Dkts. ##19-20).

to Deposit Funds was also filed. (Dkt. #3). The next day, United States District Judge Janet Bond Arterton held a telephonic status conference on plaintiff's Motion for TRO (Dkts. ##30, 33); the conference was held with plaintiff's counsel and Dennis Casey, BaseCom's CEO, and Jeffrey Casey, BaseCom's COO, who appeared pro se on behalf of defendant. (Dkt. #33, at 2). On September 10, 2012, Judge Arterton denied plaintiff's Motion for TRO as moot in light of the parties' consent to the September 7, 2012 Stipulated Standstill Order (Dkt. #9)["Standstill Order"], and plaintiff's Motion to Deposit Funds was granted in the amount of $55,384.72, "representing the disputed July 2012 payment to [d]efendant Base[C]om, and [plaintiff] shall deliver a like sum to the Clerk for deposit on September 20, 2012." (Dkt. #10).

On September 11, 2012, this case was referred to this Magistrate Judge (Dkt. #11), and eight days later, plaintiff filed an unopposed Emergency Motion to Modify the Order on the Motion to Deposit Funds (Dkt. #12), which was granted to reflect a deposit amount of $45,992.93, without prejudice to defendant's right to later contest this calculation. (Dkt. #13). On September 27, 2012, this Magistrate Judge held a lengthy telephonic status conference in order to schedule the anticipated evidentiary hearing. (Dkts. ##14, 21). On the same day, plaintiff filed its Amended Verified Complaint, alleging the same seven counts. (Dkt. #23). At the request of counsel during the September 27 conference, a continued telephonic status conference was held on October 9, 2012 (Dkts. ##22, 28), during which counsel reported their interest in pursuing mediation before a highly respected retired federal judge, which mediation later proved unsuccessful.

On October 26, 2012, immediately after the unsuccessful mediation, defendant filed its Motion for Expedited Hearing, with brief in support (Dkts. ##36-37), followed five days

later by a Motion for Release of Deposited Funds (Dkt. #38), and a Motion for Proposed Order Regarding Motion for Release of Deposited Funds (Dkt. #39). These motions also were referred to this Magistrate Judge. (Dkt. #42). On October 31, 2012, plaintiff filed an "initial" brief in opposition to defendant's Motion to Expedite contesting the "urgency" of defendant's motion and reserving its substantive response to the brief it intends to file within the twenty-one days provided by the governing rules. (Dkt. #37). A third telephonic status conference call was held on November 9, 2012, during which counsel agreed that the evidentiary hearing on plaintiff's Ex Parte Motion for TRO, now converted into a Motion for Preliminary Injunction, would be held on November 27-28, 2012, with November 29, 2012 as a possible back-up day, and the deadlines for plaintiff to respond to defendant's three pending motions would be "held in abeyance, pending further Court order or agreement of counsel." (Dkts. ##41, 44-45). In accordance with deadlines set by the Magistrate Judge, plaintiff disclosed its witness list and exhibits on November 16, 2012, and defendant disclosed its witness list and most of its exhibits four days later; there were a total of nine witnesses, of whom seven were to be considered as jointly designated witnesses. (Dkts. ##44, 46, 48). On November 20, 2012, defendant filed its objection to plaintiff's motion (Dkt. #49). The next day, defendant also filed its Answer, Affirmative Defenses, and Counterclaims. (Dkt. #50).

The evidentiary hearing was held on Tuesday-Wednesday, November 27-28, 2012, but proceeded at a slower pace than anticipated by counsel and the Court, with completion of the testimony of only two witnesses and the direct examination of a third. (See Dkt. ##44-45, 51). Defendant's principals were not available for the third day, on Thursday, November 29, 2012. The Magistrate Judge then offered five open days in December 2012

for continuation of the evidentiary hearing, but those days, unfortunately, were not convenient for counsel and/or the parties. A fourth telephonic status conference is scheduled for December 5, 2012, to select days in January 2013 for resumption of the evidentiary hearing.

At the close of the evidence on November 28, 2012, defense counsel argued that given the passage of time since the Standstill Order was entered, and the postponement of the evidentiary hearing until January 2013, with the resultant delay in issuing a ruling on plaintiff's pending motion, BaseCom has been prejudiced and remains "unprotected," particularly with respect to payments that should have been made by Resolute to BaseCom under the MOU on October 20, November 20, and December 20, 2012, as well as on January 20, 2013, and hence he requested a "speedy hearing" on the issue of the Standstill Order. Plaintiff argued that defendant was the party that canceled the third day of hearing for November 29, that an orderly process had been set during the November 9, 2012 telephonic conference to resolve defendant's pending motions regarding the Standstill Order, and that defendant's attempts were another attempt at "ambush" by defense counsel during these proceedings.

The Standstill Order provided as follows:

> (1) Base[C]om will not terminate or diminish or modify in any way locally or remotely any and all services to Resolute's customers pursuant to agreement between Resolute and Base[C]om, nor will Base[C]om interfere in any way with Resolute's relationships with its customers;
>
> (2) Both parties agree not to alter or change the title or status of the assigned and other equipment referred to in the Bill of Sale and Memorandum of Understanding between the parties and described in Resolute's Motion for Temporary Restraining Order and papers filed in support. Both parties agree not to use as collateral any such equipment, other than which exists per the current contracts.

>        (3) Resolute will deposit forthwith $55,384.72 into the court's Registry Account and will deposit the same amount into the court's Registry Account on September 20, 2012.
>
>        (4) This Standstill Order will remain in place until a further order of the court.

(Dkt. #9; see also Dkt. #33, at 4-26).  At the time the Standstill Order was agreed to on September 7, 2012, Judge Arterton and the parties contemplated an evidentiary hearing "in the relatively near future." (Dkt. #33, at 17-18, 19-20, 21, 23-24).[2]  At the time the schedule was set during the telephonic status conference on November 9, 2012, this Magistrate Judge and counsel contemplated that the hearing would be completed by late November, with a ruling anticipated in late December or early January, so that the deadlines for plaintiff's response to defendant's three pending motions regarding the Standstill order were held in abeyance. (Dkt. #44).  Despite the best efforts of this Magistrate Judge in September and again in October promptly to schedule the evidentiary hearing, the hearing was delayed until late November, and now will be further delayed until January, due to the schedules of counsel and the parties.

Under Schedule A of the MOU (Plaintiff's Exh. 7), by the twentieth day of each month, Resolute was to prepare a "settlement report that will reflect the Net Revenue derived from each location for the preceding calendar month and the agreed upon compensation rates used to calculate the monthly payment due and payable to BaseCom."  As discussed before

---

[2]At that point, plaintiff's counsel estimated that he would present two to three witnesses, for "about probably a day's worth of testimony.  So, I would think with testimony and argument done efficiently, maybe two days." (Dkt. #33, at 21).   Judge Arterton clairvoyantly advised that "obviously if all the disputes between the parties are going to be at issue, we're not going to be able to do a hearing in the next month or so." (Id. at 25).

Suffice it to say, efficiency is about the last word that could be used to describe the activities in this unnecessarily acrimonious litigation.

Judge Arterton on September 7, 2012, the deposits made into the Court Registry were the July payment, which had been due on August 20, 2012, and the August payment, which had been due on September 20, 2012. (Dkt. #33, at 7 ; see also Dkts. ##10, 12-13).  On October 4, 2012, after the Standstill Order had been filed, Resolute sent to an e-mail to BaseCom, prohibiting BaseCom from engaging in any activities on Resolute's behalf "without prior written (via e-mail)" authorization from Resolute. (Defendant's Exh. 10).[3] Under all these circumstances, especially given the insurmountable and intractable posturing by both sides that have resulted in the delays in completing the evidentiary hearing, defendant is entitled to have plaintiff place into the Court's registry any potential payments for the month of September 2012 and the first four days of October 2012.[4]  Therefore, **on or before December 10, 2012**, plaintiff shall calculate the amount of the payment that would have been due to defendant under the MOU for the thirty days of September 2012 as well as four days in October 2012, had the contractual relationship between the parties not been disrupted; a copy of its calculations are to be provided to defense counsel promptly thereafter.

In light of Resolute's testimony that it cannot continue to pay BaseCom's share into the Court Registry on a monthly basis in that it has hired a substitute contractor as "cover" for defendant, half of this payment shall be placed into the Court's Registry **on or before December 28, 2012**, and the second half of this payment shall be placed into the Court's Registry **on or before January 31, 2013**.

---

[3] The Magistrate Judge recognizes that Defendant's Exh. 10 pertains to the Army Lodging transactions between the parties, which differs from the contractual obligations under the MOU. However, the October 4, 2012 date is significant as it is absolutely the last day on which there could have been any business between Resolute and BaseCom.

[4] See note 3 supra and accompanying text.

This Interim Ruling Regarding Standstill Order is, of course, <u>without prejudice</u>, to any contrary conclusion being reached after full briefing on defendant's three pending motions.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 30th day of November, 2012.

      /s/ Joan G. Margolis, USMJ  
      Joan Glazer Margolis  
      United States Magistrate Judge